GORDON SILVER
ERIC R. OLSEN
Nevada Bar No. 3127
Email: eolsen@gordonsilver.com
PAOLA M. ARMENI
Nevada Bar No. 8357
Email: parmeni@gordonsilver.com
GABRIEL A. BLUMBERG
Nevada Bar No. 12332
Email: gblumberg@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Tel: (702) 796-5555
Fax: (702) 369-2666
Attorneys for Defendants, RONALD SUISSA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> TRADE SHOW FABRICATIONS WEST INC., TRADE SHOW SPECIALISTS CORP., METALMEN, INC., TRADE SHOW FABRICATIONS, INC., RONALD SUISSA, and GLENN LEVY, <br><br> Defendants. | CASE NO. 2:12-cv-554-GMN-GWF |

### STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), Defendants Ronald Suissa ("Suissa"), Trade Show Fabrications West Inc., Trade Show Specialists Corp., Metalmen, Inc., and Trade Show Fabrications, Inc. (the "Corporate Defendants"), by and through counsel, the law firm of Gordon Silver; Defendant Glenn Levy ("Levy" and in conjunction with Suissa and the Corporate Defendants, "Defendants"), by and through counsel, the law firm of Santoro Whitmire; and Plaintiff JPMorgan Chase Bank, N.A. ("Plaintiff," and together with Defendants, the "Parties"), by and through counsel, the law firm of Buckley King, LPA, hereby stipulate and agree that discovery in this civil action (the "Action") may involve the disclosure of certain documents, things and information that constitute or contain trade secrets or other confidential research,

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103975-001/Stipulated Protective Order Final

1 of 9

development or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which must be protected in order to preserve legitimate business or privacy interests. Accordingly, good cause exists for the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in this case. The Parties further stipulate and agree, subject to the approval of the Court, that the terms and conditions of this Stipulated Protective Order shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in this Action, or provided by or obtained from non-parties in this Action.

## SCOPE

1. This Stipulated Protective Order shall apply to all documents, depositions, pleadings, exhibits and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

## DESIGNATION

2. Any party may designate Discovery Material as "CONFIDENTIAL" in accordance with this Stipulated Protective Order if such party in good faith believes that such Discovery Material contains CONFIDENTIAL information as defined in Paragraph 3. The burden of establishing that Discovery Material is CONFIDENTIAL as defined herein shall be on the party asserting that the information is confidential. The designation of any Discovery Material as CONFIDENTIAL shall be deemed effective unless and until the Court orders otherwise.

3. As used herein, CONFIDENTIAL Discovery Material refers to any and all bank statements, financial statements, or any other type of asset or financial records of Defendants or non-party Nancy S. Levy.

...

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103975-001/Stipulated Protective Order Final

2 of 9

## USE

4. Discovery Material designated CONFIDENTIAL under this Stipulated Protective Order may be used only for purposes of this litigation and any appeal therefrom, and shall not be used for any other purpose including, but not limited to, any business, proprietary, commercial, governmental or other legal purpose, including in connection with any other litigation, arbitration or claim unrelated to the claims and defenses at issue herein. Nothing in this Stipulated Protective Order precludes Defendants or Nancy S. Levy from using or disseminating their own CONFIDENTIAL information.

5. During the course of preparing for a deposition or trial, unless otherwise entitled to access under this Protective Order, a fact deponent or witness may be shown CONFIDENTIAL Discovery Material of another party or third party if, and only if, the Discovery Material reveals on its face that the deponent or witness authored or received the Discovery Material in the ordinary course of business and outside the context of this litigation.

6. During the course of a deposition or trial, unless otherwise entitled to access under this Protective Order, a fact deponent or witness may be shown CONFIDENTIAL Discovery Material of another party or third party, if and only if, the Discovery Material reveals on its face that the deponent or witness authored or received the Discovery Material in the ordinary course of business and outside the context of this litigation, or alternatively if foundation testimony or other Discovery Material establishes that the deponent or witness authored or received the Discovery Material in the ordinary course of business and outside the context of this litigation, or until such person has executed the Declaration and Undertaking to Be Bound by Stipulated Protective Order in the form attached as Exhibit A. A fact deponent or witness who is an officer, director or employee of the Corporate Defendants may be shown any CONFIDENTIAL Discovery Material pertaining to the company of which he or she is an officer, director or employee.

7. All designated CONFIDENTIAL Discovery Material shall be protected from disclosure as specified herein, unless a party obtains an Order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103975-001/Stipulated Protective Order Final

3 of 9

## DISCLOSURE

8. Unless otherwise directed by the Court, Discovery Material designated as CONFIDENTIAL may be disclosed only to the following persons:

    A.    any counsel of record in this Action, including any attorneys employed by firms of record even if not otherwise identified specifically on pleadings;

    B.    support personnel for counsel identified in Paragraphs 8(a), such as law clerks, analysts, paralegals, litigation assistants, secretaries and support staff;

    C.    any outside expert or consultant who is expressly retained or sought to be retained by counsel identified in Paragraph 8(a) to assist in the preparation of this Action for trial, with disclosure only to the extent necessary to perform such work;

    D.    any court reporter, shorthand reporter or typist recording or transcribing testimony;

    E.    service contractors such as document copy services, trial technology consultants, jury consultants and graphic artists;

    F.    personnel of the Court and all appropriate courts of appellate jurisdiction; and

    G.    any other person agreed to by the Parties in writing.

9. CONFIDENTIAL Discovery Material shall not be disclosed to any person described in Paragraphs 8(C), (E) or (G) unless and until such person has executed the Declaration and Undertaking to Be Bound by Stipulated Protective Order in the form attached as Exhibit A. CONFIDENTIAL Discovery Material shall not be disclosed to any person unless such person is authorized to receive CONFIDENTIAL Discovery Material pursuant to Paragraph 8 of this Stipulated Protective Order.

10. As a condition precedent to disclosure of CONFIDENTIAL Discovery Material, at least seven (7) calendar days before the disclosure of any CONFIDENTIAL Discovery Material of Defendants or non-party Nancy S. Levy is made to an individual described above in Paragraph

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103975-001/Stipulated Protective Order Final

4 of 9

8(C), counsel for the party seeking to disclose the CONFIDENTIAL Discovery Material shall serve a Notice on the other Parties identifying the individual by name and including a *curriculum vitae* or equivalent resume disclosing the individual's employment history, past or present relationship with any of the parties, and an executed acknowledgement from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto. Prior to disclosure of any CONFIDENTIAL Discovery Material produced by another party, the other party shall have seven (7) calendar days from receipt of the executed acknowledgement and curriculum vitae or resume to object to such disclosure. In the event of an objection to the proposed disclosure, the parties shall promptly confer in good faith to resolve the concerns giving rise to the objection. If the parties are unable to reach agreement regarding such disclosure, the objecting party must notify the Court on an expedited basis, and in no event later than fifteen (15) calendar days after receipt of the executed acknowledgement and curriculum vitae or resume. The burden shall be on the objecting party to demonstrate to the Court why the proposed disclosure should not be made. CONFIDENTIAL Discovery Material shall not be disclosed to such an individual pending the Court's resolution of the dispute. The foregoing seven (7) and fifteen (15) calendar day periods may be extended by agreement of the Parties or by Order of the Court.

11. The recipient of any CONFIDENTIAL Discovery Material that is provided under this Stipulated Protective Order shall maintain such information in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use and/or dissemination of such information.

12. In the event of disclosure of Discovery Material designated CONFIDENTIAL to any person not authorized to such access under this Stipulated Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the party whose Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103975-001/Stipulated Protective Order Final

5 of 9

unauthorized disclosure and/or use thereof is made.

## OBJECTIONS TO DESIGNATIONS

13. Any party may object to the designation of any Discovery Material as CONFIDENTIAL. The process for making such an objection and for resolving the dispute shall be as follows:

    A.    The objecting party shall notify the party claiming protection in writing as to its objection(s) to the designations. This notice shall include, at a minimum, a specific identification of the designated Discovery Material objected to as well as the reason(s) for the objection.

    B.    The objecting party shall thereafter have the burden of conferring either in person or by telephone with the party claiming protection, as well as any other interested party, in a good faith effort to resolve the dispute.

    C.    Failing agreement, the objecting party may move the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation. The party claiming protection bears the burden to establish that the Discovery Material is CONFIDENTIAL and entitled to such protection under this Stipulated Protective Order.

14. Any Discovery Material designated CONFIDENTIAL under this Stipulated Protective Order that is filed with or submitted *in camera* to the Court by any party, including transcripts of depositions or portions thereof, documents produced in discovery, information obtained from inspection of premises or things, and answers to interrogatories or requests for admissions, exhibits and all other documents which have previous thereto been designated as containing CONFIDENTIAL Discovery Material or any pleading or memorandum reproducing or containing such information, shall be filed or submitted in sealed envelopes bearing the title of this action and the notation:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

This document contains confidential information covered by a Stipulated Protective Order of the Court and is submitted under seal or *in camera* pursuant to that Order. The confidential contents of this document may not be disclosed without express order of the Court.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103975-001/Stipulated Protective Order Final

6 of 9

All such sealed envelopes shall not be opened except for the sole use of the Court or its employees or as otherwise ordered by the Court. Further, all such sealed envelopes shall be maintained by the Clerk of the Court separate from public records in these actions and shall be released only upon further order of the Court.

15. Notwithstanding any such challenge to the designation of Discovery Material as CONFIDENTIAL, all such Discovery Material so designated shall be treated as such and shall be subject to the provisions of this Stipulated Protective Order until either the party who designated the Discovery Material as CONFIDENTIAL withdraws such designation in writing or the Court rules that the designation is not proper and that the designation be removed.

## RETURN/DESTRUCTION OF MATERIALS

16. Not later than sixty (60) calendar days after the termination of this Action, all CONFIDENTIAL Discovery Material, including all copies thereof, shall be returned to the protected party or destroyed, such election to be made by the protected party, except that each party's counsel may retain all papers filed with the Court, transcripts of testimony and exhibits, expert reports, discovery requests and responses, correspondence and their own work product containing CONFIDENTIAL information for archival purposes, and provided that such counsel shall not disclose any party's CONFIDENTIAL Discovery Material contained therein to any person or entity except pursuant to a written agreement. Not later than seventy-five (75)

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103975-001/Stipulated Protective Order Final

7 of 9

1  calendar days after the termination of this Action, the party receiving any CONFIDENTIAL
2  Discovery Material shall certify in writing that all such material has been returned or destroyed.
3  IT IS SO STIPULATED.

4  DATED this 15th day of November, 2013           DATED this 15th day of November, 2013

5  GORDON SILVER                                   BUCKLEY KING, LPA

6  /s/ Gabriel A. Blumberg                         /s/ Jeffrey L. Galliher
   Eric R. Olsen, Esq.                             Jeffrey L. Galliher, Esq.
7  Nevada Bar No. 3127                             Nevada Bar No. 8078
   Paola M. Armeni, Esq.                           10191 Park Run Drive, Suite 110
8  Nevada Bar No. 8357                             Las Vegas, Nevada 89144
   Gabriel A. Blumberg, Esq.
9  Nevada Bar No. 12332                            *Attorneys for JPMorgan Chase Bank, N.A.*
   3960 Howard Hughes Parkway, Ninth Floor
10 Las Vegas, Nevada 89169

11 *Attorneys for Defendants, Ronald Suissa, Trade Show Fabrications West Inc., Trade*
12 *Show Specialists Corp., Metalmen, Inc., and Trade Show Fabrications, Inc.*

13
14 DATED this 15th day of November, 2013

15 SANTARO WHITMIRE

16 /s/ Jason D. Smith
   Jason D. Smith, Esq.
17 Nevada Bar No. 9691
   10100 West Charleston Boulevard, Suite 250
   Las Vegas, Nevada 89135
18
   *Attorneys for Defendant, Glenn Levy*
19

20                              **ORDER**

21        IT IS SO ORDERED.

22        Dated this 18th day of November, 2013.

23
24                                        _____
                                          UNITED STATES MAGISTRATE JUDGE
25

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103975-001/Stipulated Protective Order Final

# EXHIBIT A

## DECLARATION AND UNDERTAKING TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, hereby declare that I have received and read a copy of the Stipulated Protective Order entered in *JPMorgan Chase Bank, N.A. v. Trade Show Fabrications West Inc., et al.*, Case No.: 2:12-cv-00554-GMN-CWH, United States District Court for the District of Nevada; that I understand the provisions in the Stipulated Protective Order prohibiting the disclosure, exploitation, or use of Confidential Material or other discovery or deposition testimony for any purpose or in any manner not connected with the above-referenced matter; that I agree to be bound by all provision of the Stipulated Protective Order; that I submit to the jurisdiction of the Court in which this matter is pending for issues arising from the Stipulated Protective Order; and that I understand that sanctions may be imposed by the Court, including civil and criminal penalties for contempt of Court, if I fail to abide by and comply with all the terms, conditions, and restrictions imposed by the Stipulated Protective Order.

_____
Signature

_____
Printed Name

_____
Address

_____
Telephone Number

_____
Date

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

103975-001/Stipulated Protective Order Final

9 of 9