# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| JPMorgan Chase Bank, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:12-cv-00554-GMN-CWH |
| vs. | ) | |
| | ) | **ORDER** |
| Trade Show Fabrications West, Inc.; Trade | ) | |
| Show Specialists Corp.; Metalmen, Inc.; Trade | ) | |
| Show Fabrications, Inc.; Ronald Suissa; and | ) | |
| Glenn Levy, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| Ronald Suissa | ) | |
| | ) | |
| Crossclaimant, | ) | |
| vs. | ) | |
| | ) | |
| Glenn Levy, | ) | |
| | ) | |
| Cross-Defendant. | ) | |
| _____ | ) | |

Pending before the Court is Defendant/Cross-defendant Glenn Levy ("Levy")'s Motion to Dismiss (ECF No. 51) the crossclaims filed by Defendant/Crossclaimant Ronald Suissa ("Suissa"). Suissa filed a Response (ECF No. 58) and Levy filed a Reply (ECF No. 60).

## I. BACKGROUND

This action was initiated by Plaintiff JPMorgan Chase Bank, N.A., in April 2012, with the filing of its Complaint (ECF No. 1) for breach of contract against Suissa and Levy as guarantors of loans issued by Plaintiff to the remaining corporate Defendants: Trade Show Fabrications West, Inc. ("TSFW"), Trade Show Specialists Corp. ("TSSC"), Trade Show Fabrications, Inc. ("TSFI"), and Metalmen, Inc. ("Metalmen") (collectively, "the Corporate

1    Defendants").

2        Against the Corporate Defendants, Plaintiff alleges one claim for breach of contract for

3    default under a Promissory Note and two Business Loan Agreements. (*Id.*)  Plaintiff alleges

4    claims against Suissa and Levy individually for breach of Commercial Guaranty agreements.

5    (*Id.*)  With the Complaint, Plaintiff submits copies of the Promissory Note (Ex. A), the

6    Business Loan Agreements (Ex. B), the Suissa Commercial Guaranty (Ex. C), and the Levy

7    Commercial Guaranty (Ex. D). (*Id.*)

8        By May, Plaintiff had served all Defendants except Suissa; and in July 2012, Levy filed

9    an Answer (ECF No. 18) to Plaintiff's Complaint on behalf of himself and the Corporate

10   Defendants.[1]  In August 2012, Plaintiff served Suissa with the Complaint and Suissa filed his

11   Answer (ECF No. 30).

12       With leave from the Court, Suissa filed his Crossclaim (ECF No. 45) against Levy in

13   April 2013, to which the instant Motion to Dismiss (ECF No. 51) is directed.  Suissa alleges

14   seven causes of action arising from a partnership agreement and other related agreements

15   between Suissa and Levy: (1) breach of fiduciary duty; (2) breach of the implied covenant of

16   good faith and fair dealing; (3) indemnity; (4) conversion; (5) unjust enrichment; (6)

17   accounting; and (7) contribution. (*Id.*)

18       In his Motion to Dismiss (ECF No. 51), Levy attaches a copy of the Stock Purchase

19   Agreement ("the Agreement") between Suissa and Levy, and argues that Suissa's claims must

20   be dismissed for improper venue pursuant to a forum selection clause included in the

21   Agreement (*see* Agreement, § 9).  The parties' arguments center around language in the

22   Agreement providing that "[a]ny dispute arising out of or related to this Agreement shall be

23   resolved in the state courts located in New York." (*Id.*)

24

25

---

[1] The Corporate Defendants, Levy, and Suissa, are all now represented by separate counsel. (*See* Mot. Withdraw Att'y, ECF No. 48; Order, June 17, 2013, ECF No. 49; Resp. to Order on Mot. Withdraw Att'y, ECF No. 59.)

## II. LEGAL STANDARD

A forum selection clause may be enforced through a motion to transfer under 28 U.S.C. § 1404(a), but not a motion to dismiss under Rule 12(b)(3) of the Federal Rules of Civil Procedure. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013).  The change of venue statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

Motions to dismiss based on a forum selection clause have previously been analyzed as arising under Rule 12(b)(3) of the Federal Rules of Civil Procedure as a motion to dismiss for improper venue, as provided by 28 U.S.C. § 1406(a). *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996) (rejecting Rule 12(b)(6) analysis); 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

However, the Supreme Court recently clarified that § 1406(a) and Rule 12(b)(3) "authorize dismissal only when venue is 'wrong' or 'improper' in the forum in which it was brought," a question "generally governed by 28 U.S.C. § 1391." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013).  Distinguishing proper "forum" from proper "venue," the Supreme Court explained that "[a]lthough a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)." *Id.*

Reviewing precedent for analysis of motions to transfer under § 1404(a) based upon forum selection clauses, the Supreme Court emphasized that "[i]n all but the most unusual cases . . . 'the interest of justice' is served by holding parties to their bargain." *Id.* at 583.

Although acknowledging the argument "that a defendant in a breach-of-contract action should be able to obtain dismissal under Rule 12(b)(6) if the plaintiff files suit in a district other than the one specified in a valid forum-selection clause," the Supreme Court has not yet considered the issue. *Id.* at 580 & n.4 (observing that a Rule 12(b)(6) motion "may lead to a jury trial on venue if issues of material fact relating to the validity of the forum-selection clause arise," and that in such a situation, "defendants would have sensible reasons to invoke § 1404(a) or the *forum non conveniens* doctrine in addition to Rule 12(b)(6)").

**III. DISCUSSION**

Here, the Court finds that dismissal of Suissa's crossclaims for improper venue is not appropriate based upon the forum selection clause in the Agreement.  The controlling precedent applicable to Levy's motion does not support his argument that the forum selection clause may be enforced through dismissal for improper venue under Rule 12(b)(3). *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013); *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

In the interest of judicial economy, the Court has considered whether to construe Levy's motion as a request for dismissal under Rule 12(b)(6), or a request for transfer of venue under § 1406(a).  However, the standards for each of these alternative motions require analysis of issues that the parties have not and could not fully brief in their arguments for the instant motion.  Further complicating this prospect, and as described above, no controlling precedent appears to exist for analysis of a motion to dismiss under Rule 12(b)(6) based upon a forum selection clause.

Accordingly, the Court must deny Levy's Motion to Dismiss (ECF No. 51) Suissa's crossclaims under Rule 12(b)(3) based upon the forum selection clause.  However, the Court finds good cause to grant Levy leave to file a motion to transfer or to dismiss on other

procedural grounds, based upon the forum selection clause, as long as such a motion is filed before the expiration of the dispositive motions deadline.

**IV. CONCLUSION**

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 51) is **DENIED**.

**DATED** this 29th day of January, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court